IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 12, 2000 Session

## STATE AUTO INSURANCE COMPANIES v. GORDON CONSTRUCTION, INC., ET AL.

**An Appeal from the Chancery Court for Davidson County**
**No. 99-793-III     Ellen Hobbs Lyle, Chancellor**

---

**No. M1999-00785-COA-R3-CV - Filed May 15, 2001**

---

This is an insurance coverage case. A commercial general liability insurer filed suit for declaratory judgment to determine whether it had a duty to defend the insured, a construction company. The underlying lawsuit against the insured alleged breach of contract and breach of express and implied warranties in failing to perform work in a good and workmanlike manner. The trial court granted a motion for summary judgment to the insurer, finding that the insurance policy did not require it to defend against the suit. The insured appeals, and we affirm, finding that there was no "occurrence" under the terms of the insurance policy.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

David B. Brogdon, Dickson, Tennessee, for the Defendant/Appellant, Gordon Construction, Inc..

Michael P. Mills and Joseph E. Clifton, Nashville, Tennessee, for the Plaintiff/Appellee, State Auto Insurance Companies.

### OPINION

On April 16, 1998, Sharon Glenn's home at 2008 Franklin Avenue in Nashville, Tennessee, was damaged by a tornado. Glenn contacted her homeowner's insurance carrier, American National Insurance Company ("American National"). American National examined the damage to Glenn's home and estimated the cost of repair. American National recommended that Glenn hire Gordon Construction, Inc. ("Gordon") to make the necessary repairs. Consequently, Glenn entered into a contract with Gordon.

A dispute then arose between Glenn and Gordon concerning the work Gordon performed, culminating in a suit filed by Glenn against Gordon in Chancery Court. Paragraph Six of Glenn's complaint alleges:

> Gordon Construction . . . failed to perform repairs on the plaintiff's home in a good and workmanlike manner and failed to comply with its obligations (both express and implied) under the construction contract. Despite demand, Gordon Construction has failed to correct the deficiencies in its work and instead has left the plaintiff's home in a state of disrepair.

Paragraph Seven alleges:

> Gordon Construction's breach of contract and breach of the express and implied warranties contained in the construction contract have proximately caused damages to the plaintiff, including but not limited to plaintiff's payment of approximately $13,306.35 to Gordon Construction for its services and incidental and consequential damages caused to the plaintiff by Gordon Construction's failure to complete its work in a good and workmanlike manner.

Glenn sought damages "in excess of $15,000," plus attorney's fees and costs.

In its answer to Glenn's complaint, Gordon alleged that American National was negligent by failing to properly inspect Glenn's home, and that American National's negligence was a proximate cause of the property damage that Glenn suffered. Glenn then filed an amended complaint to add American National as a defendant.

Gordon contacted its commercial general liability insurance carrier, State Auto Insurance Companies ("State Auto"), and demanded that it defend Gordon against Glenn's suit. Gordon's policy with State Auto states, in pertinent part:

> **A. COVERAGES**
> **1. Business Liability**
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies.
>
> * * *
>
> **b.** This insurance applies:
>> **(1)** To "bodily injury" and "property damage" only if:
>>> **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

-2-

**(b)** The "bodily injury" or "property damage" occurs during the policy period.

\* \* \*

## B. EXCLUSIONS

**1. Applicable to Business Liability Coverage** – This insurance does not apply to:

\* \* \*

### k. Damage to Property

"Property damage" to:

\* \* \*

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\* \* \*

## F. LIABILITY AND MEDICAL EXPENSES DEFINITIONS

\* \* \*

**12. "Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

**19. "Your Work"** means:

a. Work or operations performed by you or on your behalf; and
b. Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
b. The providing of or failure to provide warnings or instructions.

State Auto agreed to defend Gordon but reserved its right to dispute coverage. State Auto then filed a complaint seeking a declaratory judgment that it had no duty to defend under Gordon's insurance policy. State Auto asserted that there was no "occurrence" to trigger coverage and that

Gordon's claim fell within the exclusion for damage caused by Gordon's failure to perform work correctly.

After Gordon filed its answer, State Auto moved for summary judgment. The record is devoid of any discovery occurring prior to State Auto's motion summary judgment. Therefore, the trial court would consider only the pleadings filed in the underlying action, *Sharon Glenn v. Gordon Construction Co.*, Davidson County Chancery No. 99-13-II, and the language of Gordon's insurance policy with State Auto. On September 2, 1999, the trial court granted State Auto's motion for summary judgment. From this order, Gordon now appeals.

On appeal, Gordon argues that the trial court's grant of State Auto's motion for summary judgment was in error because the damages claimed by Glenn are not limited to those resulting from Gordon's faulty workmanship or the cost of repairing the faulty workmanship, but also include "consequential" damages.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party and allow all reasonable inferences in favor of that party. *See id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), the Tennessee Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. . . . In this regard, Rule 56.05 [now 56.06] provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Byrd*, 847 S.W.2d at 211 (citations omitted) (emphasis in original).

Summary judgment is appropriate only when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *See id.* Therefore, our review of the trial court's decision to grant summary judgment is *de novo* on the record before this Court. *See Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

The insurer's duty to defend the insured in a lawsuit depends on the allegations in the pleadings filed in the lawsuit. *See Blake Indus. v. General Agents Ins. Co. of America*, No. M1999-01891-COA-R3-CV, 2000 WL 1031054, at *6 (Tenn. Ct. App. July 27, 2000). In *St. Paul*

*Fire and Marine Ins. Co. v. Torpoco*, 879 S.W.2d 831 (Tenn. 1994), the Tennessee Supreme Court stated:

> It is accepted in the overwhelming majority of jurisdictions that the obligation of a liability insurance company to defend an action brought against the insured by a third party is to be determined *solely* by the allegations contained in the complaint in that action . . . Accordingly, if the allegations . . . are within the risk insured against and there is a potential basis for recovery, then [the insurer] must defend . . . regardless of the actual facts or the ultimate grounds on which . . . liability to the injured parties may be predicated . . . . In any event, the pleading test for determination of the duty to defend is based exclusively on the facts as *alleged* rather than on the facts as they actually are . . . .

*St. Paul*, 879 S.W.2d at 835 (citation omitted) (emphasis in original). Therefore, "[a]n insurer may not properly refuse to defend an action against its insured unless 'it is plain from the face of the complaint that the allegations fail to state facts that bring the case within or potentially within the policy's coverage.' " *Drexel Chem. Co. v. Bituminous Ins. Co.*, 933 S.W.2d 471, 480 (Tenn. Ct. App. 1996) (citation omitted). "Where the allegations of the complaint against the insured are ambiguous and there is doubt as to whether they state a cause of action sufficient under the policy to compel the insurer to defend, the doubt should be resolved in favor of the insured." *Marsh Furniture Co. v. Pennsylvania Mfrs. Ass'n Ins. Co.*, No. 02A01-9505-CV-00103, 1996 WL 328713, at *3 (Tenn. Ct. App. June 17, 1996) (citing *Dempster Bros., Inc. v. United States Fid. & Guar. Co.*, 388 S.W.2d 153, 156 (Tenn. Ct. App. 1964)). However, a commercial general liability policy should not be construed in a manner that makes the insurer a guarantor of the insured's work product. *See Blake Indus.*, 2000 WL 1031054, at *5 (citing *J.Z.G. Resources, Inc. v. King*, 987 F.2d 98, 103 (2nd Cir. 1993)).

The record in this case contains no factual evidence regarding the substance of Glenn's claims against Gordon. The trial court considered only the bare allegations of Glenn's complaint and the language of the insurance policy. Glenn's lawsuit alleged that Gordon "failed to perform repairs on the plaintiff's home in a good and workmanlike manner and failed to comply with its obligations (both express and implied) under the construction contract." The complaint alleged that Glenn had suffered damages for breach of contract and breach of express and implied warranties in the amount of $13,306.35, which represented the amount she paid Gordon for its work. She also alleged "incidental and consequential damages" resulting from Gordon's "failure to complete its work in a good and workmanlike manner." Glenn's complaint provides no information about the nature of the incidental and consequential damages she suffered, nor about how those damages occurred.

Regarding its argument that State Auto had a duty to defend, Gordon discusses *Vernon Williams & Son Constr. Inc. v. Continental Ins. Co.*, 591 S.W.2d 760 (Tenn. 1979). In *Vernon Williams*, the Tennessee Supreme Court held that a commercial general liability policy, similar to the one at issue in the instant case, did not require the insurer to defend against a breach of contract suit grounded in the faulty workmanship of the insured and in which the only damages were the cost

of correcting the faulty work. *See Vernon Williams*, 591 S.W.2d at 765. Gordon argues that Glenn's lawsuit against Gordon is distinguishable from the underlying lawsuit in *Vernon Williams*, because it was clear in *Vernon Williams* that the underlying complaint sought damages only for the cost of correcting the faulty work. In this case, Gordon argues, Glenn's claims in the underlying action are not limited to the cost of correcting the faulty work, nor is it clear that her claims are limited to damages flowing from the faulty work. Gordon notes that Glenn's complaint seeks "incidental and consequential damages." Therefore, Gordon argues, it is possible that Glenn's claims are covered under Gordon's policy, and summary judgment was improper.

The Tennessee Supreme Court stated in *Vernon Williams* that the purpose of commercial general liability insurance is to cover "tort liability for physical damages to others and not [to cover] contractual liability of the insured for economic loss because the product or completed work is not that for which the damaged person bargained." *Id.* at 764 (quoting *Weedo v. Stone-E-Brick, Inc.*, 405 A.2d 788, 791 (N.J. 1979)). In other words, "the risk intended to be insured by a comprehensive general liability policy is faulty workmanship and materials which cause a tort liability to persons other than those to whom contractual obligation of workmanlike performance is due." *Vernon Williams*, 591 S.W.2d at 763; *Blaylock and Brown Constr., Inc. v. AIU Ins. Co.*, 796 S.W.2d 146, 152 (Tenn. Ct. App. 1990).

In *Marsh Furniture Co. v. Pennsylvania Mfrs. Ass'n Ins. Co*., No. 02A01-9505-CV-00103, 1996 WL 328713 (Tenn. Ct. App. June 17, 1996), the complaint in the underlying action alleged a breach of contract action arising from the installation of kitchen cabinets that emitted unacceptable levels of formaldehyde vapor. *See Marsh Furniture*, 1996 WL 328713 at *1. In *Marsh Furniture*, this Court held that a commercial general liability insurer had a duty to defend the insured defendant because the complaint sought "consequential damages." *See id.* at *4. Glenn's complaint in this case seeks "incidental and consequential damages," as did the complaint in *Marsh Furniture*. However, *Marsh Furniture* is distinguishable from this case in that *Marsh Furniture* involved the sale of a product, kitchen cabinets, that turned out to be defective. Under Tennessee Code Annotated § 47-2-715(2)(b) (1996), governing the sale of goods, "consequential damages" for the sale of a defective product includes "injury to person or property proximately resulting from any breach of warranty." In addition, the insured in *Marsh Furniture* relied upon caselaw holding that the diminution in value of a home due to excessive emissions of formaldehyde vapor constituted "property damage" within the meaning of a commercial general liability insurance policy. *See Colonial Gas Co. v. Aetna Cas. & Surety Co.*, 823 F.Supp. 975, 982 (D. Mass. 1993). In *Marsh Furniture*, the complaint sought "consequential damages," and it was unclear whether those "consequential damages" included "property damage" due to excessive emissions of formaldehyde vapor from the installed cabinets. *See Marsh Furniture*, 1996 WL 328713, at *4. Therefore, we construed the ambiguity in favor of the insured, holding that the insurer had a duty to defend. *See id.*

In the case at bar, any "consequential damages" sought by Glenn flow purely from Gordon Construction's failure to perform its work according to the contract. While Glenn's complaint seeks "incidental and consequential damages," she does not allege injury to person or property arising out

of Gordon's work. She alleges only that Gordon failed to do its work properly. The insurance policy issued by State Auto insures "property damage" caused by an "occurrence." The policy defines "occurrence" as "an accident." As the Tennessee Supreme Court stated in **Vernon Williams**, the commercial general liability policy "does not cover an accident of faulty workmanship but rather faulty workmanship which causes an accident." **See Vernon Williams**, 591 S.W.2d at 764 (citation omitted). Glenn does not allege an "occurrence" that would trigger coverage; therefore, the insurance policy does not require State Auto to defend Gordon. This holding pretermits the issue of the applicability of the exclusion from coverage for "property damage" to "that particular part of any property that must be restored, repaired or replaced because [Gordon's work] was incorrectly performed. . . ."

The decision of the trial court is affirmed. Costs are taxed to the appellant, Gordon Construction, Inc., and its surety, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE